By the Court :
This motion can not be sustained. The defendant had an equitable title of record at the time he commenced his improvements, which continued till the improvements were completed. His possession was not interrupted by the withdrawal and re-entry of the warrant, nor were the rights of the plaintiff in any manner affected by that circumstance.
But independent of this consideration, we discover nothing in the statute that limits the claim of the occupying claimant to a compensation for such improvements as were made after the commencement of his title. The statute is in the present tense: “When any occupying claimant, being in quiet possession of land, from which he can show a plain and connected title in law or equity,” etc; If any person shall set up and prove an adverse, and better title to said land, such occupying claimant shall not be evicted, until he shall be fully paid the value of' all lasting and valuable *216 improvements made by such occupying claimant, or the person under whom he may hold the same, previous to receiving actual notice by the commencement of suit, etc.
The exhibition of his title is to be made to the court at the rendition of the judgment, and if he can show such a title as is required by the statute, he is protected in his possession till he shall be compensated for the improvements made by himself, or by the person under whom he claims. There is nothing in the law that excludes a right to receive pay for improvements made by the tenant, or the person under whom he claims, at any time before the commencement of the suit.
It sometimes happens that persons seat themselves on vacant lands, make valuable improvements thereon, and afterward locate it. In such a case, if, in consequence of a defect in their entry, a junior entry should prevail, we can not see anything in the law, or in the policy on which it is founded, that entitles the successful claimant to take the improvements, without making compensation to the tenant.
*It may also be remarked that in this case it does not appear at whát time the better title of the successful claimant commenced ; whether before or after the making of the improvements in question.
It is not necessary now to decide that an unsuccessful claimant must in all cases be entitled to pay for improvements made before the commencement-of his title, although the statute does not contain anything expressly prohibiting it, yet a case might arise accompanied by such circumstances, as would take it' without.both the letter and equity of the statute. All we mean to say is, that this is not a case of that character.
Motion overruled.†

 NoTE by the Editor. — See also, the same principle, etc., vi. 16; xiii. 308, «rhere this decision is recognized.
Eor other and later decisions relating to occupying claimants, see xiii. 368; xi. 35; xv. 13, 152, 285. See also xlvii. Ohio L. 56.